Carrie Estelle Lemons Mullins v. Commissioner.
Mullins v. Commissioner
Docket No. 10353.
United States Tax Court
1947 Tax Ct. Memo LEXIS 237; 6 T.C.M. (CCH) 418; T.C.M. (RIA) 47106; April 23, 1947
*237 J. Mills Newton, Esq., Box 721, Danville, Va., for the petitioner. George J. LeBlanc, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency in petitioner's income tax for 1943 in the sum of $96.43. Owing to the "forgiveness" feature of the 1943 tax, the correct income for the prior year is required to be determined for the purpose of the computation. The deficiency here results from disallowance made by respondent of deductions claimed by petitioner for both 1942 and 1943. Certain errors assigned by petitioner are specifically conceded by respondent upon brief and this concession will be given effect upon recomputation under Rule 50. The issues presented for determination are whether respondent erred in disallowing: (a) deductions of $155.80 for 1942 and $142.80 for 1943, alleged to be the cost of work clothing purchased by petitioner and the cost of laundering thereof; (b) the sum of $50, claimed for 1943 as taxes paid upon admissions and transportation tickets; and (c) the sum of $50 for each of the years 1942 and 1943, as alleged cost of streetcar and bus transportation between petitioner's *238 home and place of employment. Findings of Fact Petitioner is a resident of Danville, Virginia and, during the years here involved, was employed as a tender of an Abbott winder at a textile mill in that city. Her return for each of the years in question was filed with the collector of internal revenue for the district of Virginia. Petitioner, during both of the taxable years here involved, purchased certain light cotton dresses and certain slips and socks for wear in the performance of her duties at the textile mill in which she was employed. These were similar to the dresses and slips worn by her at home and on the street except that they were less expensive. Petitioner was not required by her employer as an incident of the employment to purchase or wear this clothing or to keep it laundered at her expense. It was purchased by her to save wear and tear and soiling of her other and better clothing. During the year 1943, the petitioner attended certain ball games and moving pictures and made certain trips to visit her mother in another city. On the tickets purchased on these occasions she paid the amusement and transportation taxes levied. For each of the years 1942 and 1943 *239 petitioner paid approximately $50 in car fare and bus fare in traveling from her home to her place of employment in the textile mill and return. Opinion It is shown that petitioner's employer did not require that she purchase and wear at her work the clothing, the cost of which she claims as a deduction. In so far as her employment was concerned, she could have used at her work the clothing ordinarily worn by her at her home or on the street. The purchase of this extra clothing was for her own convenience and to save the wear and soiling of her better clothing. Its purchase was wholly voluntary on her part. This situation is not to be confused with those cases in which an employer requires, as an incident of the employment, that a uniform be purchased by the employee and kept clean at his or her expense. ; affd., ; ; . To allow a deduction for such a cost as this would necessarily permit every employee, no matter in what line of business employed, to deduct such portion of the cost of the clothing that he purchased *240 as represented the wear and tear received during its use at office, store or other work place. It is clear that this is a purely personal expense not deductible by petitioner. Respondent's disallowance is sustained. We are unable to find any amount as representing admission or transportation taxes paid by petitioner for 1943. No record was kept by her and it is evident that her estimate of $50 is nothing more than a guess. Not only is this the case, but petitioner's testimony is so contradictory and in many instances so manifestly incorrect, upon this and other items claimed, that it tends to discredit all of her testimony. Her testimony, unsupported by any memoranda, record or receipt, was the only evidence offered to establish any of these items. Petitioner does not even attempt to fix, even approximately, the number of times that she attended amusements. She testifies that she spent the weekend twice each month with her mother in another city and this is squarely contradicted by her testimony that during 1943 she worked seven days a week. The payment of $50 in taxes would mean $500 additional expended by her for the tickets purchased. But such amount is incredible of belief in *241 view of the fact that her gross income in 1943 was $1,359.56. In fact, her testimony as to expenditures made in 1943 for things other than personal living expenses, if accepted as true, would have left her but $6.23 a month for food, housing, clothing and incidentals. This testimony is such as to convince us that petitioner has grossly misstated and distorted the facts and under these conditions we are unable to accept her evidence as to the expenditure of $50 in taxes or to find any amount as so expended. The remaining issue is upon petitioner's claim for deduction of $50 for each of the years 1942 and 1943 for streetcar and bus transportation between her home and place of employment. Such an expense is clearly not deductible. It was made in her own interest and not in the interest of the employer. We sustain respondent's action in disallowing this item. . Decision will be entered under Rule 50.